## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FEDERAL TRADE COMMISSION,**
600 Pennsylvania Ave., N.W.
Washington, DC 20580

**Petitioner,**

**v.**

**LOUISIANA CHILDREN'S MEDICAL CENTER,**
1100 Poydras St.
New Orleans, LA 70163

**and**

**HCA HEALTHCARE, INC.,**
One Park Plaza
Nashville, TN 37203

**Respondents.**

Case No.:

## PETITION FOR INJUNCTIVE RELIEF PURSUANT TO SECTION 7A(g)(2) OF THE CLAYTON ACT AND SECTION 13(b) OF THE FEDERAL TRADE COMMISSION ACT

Pursuant to Section 7A(g)(2) of the Clayton Act, 15 U.S.C. § 18(a), enacted as Title II

of the Hart-Scott-Rodino Antitrust Improvements Act of 1976 ("HSR Act"), 15 U.S.C.

§ 18a(g)(2), and Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b), as

amended, the Federal Trade Commission ("FTC" or "Commission"), by its undersigned

attorneys, seeks a temporary restraining order and preliminary injunction against Louisiana

Children's Medical Center ("LCMC") to hold separate and maintain three New Orleans area

1

hospitals and related assets, recently acquired from HCA Healthcare, Inc. ("HCA"), preventing LCMC from further combining these three hospitals with its other hospitals and maintaining those assets until this Court can rule on the merits of this Petition.

The Commission further requests that the Court: (a) order Respondents to comply with filing requirements under the HSR Act and any applicable waiting period pursuant to Section 7A(g)(2)(A); and (b) issue the attached Order to Hold Separate and Maintain Assets to LCMC as essential equitable relief until the expiration of the statutory waiting period under the HSR Act pursuant to Section 7A(g)(2)(C).

The purpose of the HSR Act is "to improve and facilitate the expeditious and effective enforcement of the antitrust laws[.]" Pub. L. No. 94–435, 90 Stat. 1383 (Sept. 30, 1976). To that end, the Act requires that parties over a certain size to a merger or acquisition over a certain dollar threshold must notify the FTC and the U.S. Department of Justice Antitrust Division ("DOJ") of their transaction. After that, the Act imposes a waiting period whereby the parties cannot consummate the transaction until at least thirty days after notification. If either agency requests additional documents or information about the transaction, then the waiting period extends until thirty days after the parties have substantially complied with the requests. Adherence to the waiting period is necessary to prevent parties from prematurely consolidating the assets before the FTC and DOJ have completed their investigation and determined whether the transaction violates the antitrust laws.

LCMC and HCA flouted their HSR Act obligations by failing to report their transaction and then consummating it, without filing the required premerger notification and without a cognizable justification or exemption. LCMC and HCA never claimed that the acquisition otherwise was not subject to the HSR Act filing thresholds. Their only defense is that a certificate granted to them under Louisiana state law somehow created or carved out an exemption from otherwise applicable notification and waiting period requirements under federal law. This supposed exemption appears nowhere in the text of the HSR Act and has never been recognized as an exemption from the HSR Act's notification requirements by any court in the HSR Act's forty-seven year history. Additionally, neither the FTC nor the DOJ has promulgated an interpretation of the HSR Act exempting parties from filing where those parties received a similar certificate. Nevertheless, LCMC and HCA have refused to submit the required filings under the HSR Act, and LCMC has refused to hold separate and maintain the hospital assets to allow further investigation.

LCMC and HCA were required by law to file the required premerger notifications. They were required by law to wait. They have refused to do either. Ensuring their adherence with the law requires this court's prompt intervention. An order to hold separate is necessary while the FTC investigates whether the transaction violates the antitrust laws, so as to prevent the parties from further combining the assets, as intended by the HSR Act. Should the Commission conclude the transaction may substantially lessen competition, tend to create a monopoly, or constitute an unfair method of competition, the absence of a hold separate order

3

would seriously undermine the Commission's ability to seek an adequate remedy to any harm

caused by the transaction.

## Jurisdiction and Venue

This Court has jurisdiction over the Respondents and over the subject matter of this

action pursuant to Section 7A(g)(2) of the Clayton Act, 15 U.S.C. § 18(a), Section 13(b) of the

FTC Act, 15. U.S.C. § 53(b), and 28 U.S.C. §§ 1331, 1337, 1345. Venue is proper pursuant to

Section 12 of the Clayton Act, 15 U.S.C. § 22, and 28 U.S.C. § 139l(b) and (c), because the

cause of action arose in this district, where Respondents failed to file the required notification

of their transaction.

## The Parties

1.      The FTC is an administrative agency of the United States government with its

principal offices at 600 Pennsylvania Avenue, NW, Washington, D.C. 20580. The

Commission is charged with enforcing the nation's antitrust laws, including administering the

premerger notification and waiting period requirements of Section 7A of the Clayton Act, 15

U.S.C. § 18a, and enforcing Section 7 of the Clayton Act, 15 U.S.C. § 18, as amended, and

Section 5 of the FTC Act, 15 U.S.C. § 45, as amended, by seeking to enjoin mergers and

acquisitions that may substantially lessen competition or tend to create a monopoly in any line

of commerce in any section of the country, or that constitute an unfair method of competition.

2.      LCMC is a non-profit corporation incorporated under the laws of Louisiana,

with its principal place of business at 1100 Poydras Street, New Orleans, LA 70163. Doing

business under the name "LCMC Health," LCMC operates a network of hospitals in the

greater New Orleans area. According to a ProPublica database, LCMC had revenues over $2.2 billion and $3.7 billion in assets in 2021. Petrizzi Decl. ¶ 12, Ex. 3.

3.     HCA is a for-profit corporation incorporated under the laws of Delaware, with its principal place of business located at One Park Plaza, Nashville, TN 37203. HCA operates 182 hospitals in the United States and abroad, with revenues totaling approximately $60.2 billion in 2022. Petrizzi Decl. ¶ 12, Ex. 4.

**The Cause of Action**

4.     On January 3, 2023, LCMC announced that it had finalized its acquisition of three hospitals in the New Orleans area (the "Acquisition"): Tulane Medical Center, Lakeview Hospital, and Lakeside Hospital (the "Acquired Hospitals"). Petrizzi Decl. ¶ 1.

5.     Based upon available public information, on or about January 3, 2023, LCMC purchased the Acquired Hospitals from HCA for $150 million.  Petrizzi Decl. ¶ 6, Ex. 1.

6.     Section 7A(a) of the HSR Act requires persons to file premerger notification reports with the Commission before acquiring, directly or indirectly, any voting securities or assets of any other person, above a certain monetary threshold adjusted annually. In 2022 and early 2023, parties to mergers or acquisitions had to file premerger notification reports of transactions of between $101 million and $403.9 million in voting securities or assets, provided that the parties met the "size of person" test. That test was satisfied in January 2023, given that one party had $202 million in annual net sales or total assets and the other party had $20.2 million in annual net sales or total assets.

7.      Section 7A(b) of the HSR Act provides that upon filing a premerger notification report, a party wishing to complete an acquisition must delay consummating the transaction for at least 30 days (15 days in the case of a pure cash tender offer or 11 U.S.C. § 363(b) bankruptcy) to give the Commission an opportunity to review the transaction and determine whether to investigate the transaction further. The statute refers to this 30-day delay as the "waiting period."

8.      If any person, or any officer, director, partner, agent, or employee thereof, fails substantially to comply with the premerger notification requirement, then Section 7A(g)(2) of the Clayton Act empowers the Commission to seek from a United States district court an order of compliance, an extension of the waiting period until there has been substantial compliance, and any other equitable relief that in the court's discretion is necessary or appropriate. 15 U.S.C. § 18a(g)(2).

### Respondents' Failure to Comply

9.      Upon information and belief, the HSR Act required LCMC and HCA to report the Acquisition by submitting the premerger notification filing to the FTC. The $150 million value of the Acquisition exceeded the minimum threshold for reportability. The size of person test was met because, to the best of the FTC's knowledge, LCMC or HCA had more than $202 million in annual net sales or total assets and the other party had $20.2 million in annual net sales or total assets. Based on a ProPublica database, it appears that LCMC had over $2.2 billion in revenue and $3.7 billion in assets in 2021. Petrizzi Decl. ¶ 12, Ex. 3. In 2022, HCA

reported revenues of over $60.2 billion in 2022. Petrizzi Decl. ¶ 12, Ex. 4. LCMC and HCA

have never claimed that the parties or the Acquisition fell below the requisite thresholds for an

HSR Act premerger notification filing.

10.     Because the Acquisition was reportable under the HSR Act, LCMC and HCA

were prohibited from consummating the Acquisition until at least 30 days after the submission

of the required premerger notification filings.

11.     To date, no Respondent has submitted the required premerger notification

filing. Respondents have therefore failed substantially to comply with the notification

requirement under Section 7A(a) of the Clayton Act.

12.     Despite the applicable reporting and waiting period requirements under the

HSR Act, LCMC and HCA consummated the Acquisition on about January 3, 2023.

13.     The Commission has opened an investigation into whether the Acquisition may

have the effect of substantially lessening competition or tend to create a monopoly, in

violation of Section 7 of the Clayton Act, 15 U.S.C. § 18, as amended, or constitutes an unfair

method of competition in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, as amended.

Even without the benefit of the required notification, based on publicly available information,

the FTC is concerned that LCMC's operation of its six existing hospitals in the New Orleans

area combined with the three hospitals it just acquired may lessen competition. In the

Commission's experience, mergers of competing hospitals can increase healthcare costs for

patients and employers, degrade the quality of care, and limit access to care. Every day that

the hospitals are combined, or that services are consolidated or terminated, may cause

additional harm to consumers of those hospitals; consequently, the Commission urgently

requests relief in this matter. Further investigation is needed to determine whether the

Acquisition violates the antitrust laws.

14.     The Respondents have not resolved the Commission's concerns and have

refused to take any corrective steps. When Commission staff asked counsel for LCMC

whether it will submit the required filings under HSR and whether LCMC will agree to hold

the Acquired Hospitals separate to allow the Commission to complete its investigation,

counsel for LCMC indicated that they would not. Petrizzi Decl. ¶ 13-30, Exs. 6-12.

15.     Counsel for LCMC and HCA told Commission staff that the notification and

waiting period requirements under the HSR Act do not apply because the Attorney General of

Louisiana allegedly approved a Certificate of Public Advantage ("COPA") for the Acquisition

under Louisiana state law. The granting of a COPA is not among the statutory exemptions

under Section 7A(c) of the HSR Act, 15 U.S.C. § 18a(c), nor has it been recognized by any

court as a basis to excuse noncompliance with the notification and waiting period

requirements under the Act. Additionally, neither the FTC nor the DOJ has issued any

interpretation or policy that a COPA exempts a party from filing under the HSR Act. After the

Respondents file their required filings, the Commission will investigate and seek from the

Respondents information needed for the Commission to determine, along with the potential

competition issues, the parameters of the COPA and whether it shields the Acquisition from

liability under Section 7 of the Clayton Act.

16.     Based upon public documents, it appears that LCMC already has begun integrating the Acquired Hospitals with LCMC's operations and other assets. In a press release issued by LCMC on January 3, 2023, announcing the consummation of the Acquisition, LCMC's CEO stated their plans to "integrate our operations." Petrizzi Decl. ¶ 14, Ex. 5. LCMC's website now lists the three Acquired Hospitals among its "nine hospital locations." Petrizzi Decl. ¶ 14, Ex. 2. Based on public reports, it appears that the services offered at Tulane Medical Center will be transferred to other LCMC hospitals and the facility will be repurposed. Petrizzi Decl. ¶ 14, Ex. 5.

17.     Thus, unless enjoined by this Court, LCMC will continue integrating, closing, or repurposing the Acquired Hospitals. A temporary restraining order and a preliminary injunction requiring LCMC to hold separate the Acquired Hospitals is necessary to allow the Court sufficient time to decide whether LCMC and HCA have violated the HSR Act, secure Respondents' adherence to the Act, and order any other necessary or appropriate relief.

WHEREFORE, the Commission prays for this Court to:

a.     Grant, prior to 10:59 p.m. EST on April 21, 2023, Petitioner's request for a temporary restraining order and preliminary injunction against LCMC preventing it from, among other things, further combining the Acquired Hospitals with the LCMC hospitals, and requiring LCMC to maintain the assets while the Court decides the merits of this application (proposed TRO attached);

b.     Enter an order requiring LCMC and HCA to comply with the notification

requirements under Section 7A(a); and

      c.      Enter the attached proposed Order to Hold Separate and Maintain Assets requiring LCMC to hold separate and maintain the Acquired Hospitals and halt further integration thereof until: (1) LCMC and HCA have submitted the premerger notification filings required under the HSR Act; and (2) at least thirty days have passed since the date of the last such submission or, if the Commission timely issues Second Requests, at least thirty days have passed since the parties have certified substantial compliance with the Second Requests and the Commission has not filed suit to challenge the transaction;

      d.      Enter an order requiring LCMC to give the Commission 30 days prior notice before acquiring any hospital or other medical facility, either directly or indirectly, in the State of Louisiana for the duration of the hold separate order; and

      e.      Award such other relief as this Court shall deem just and appropriate, including any additional relief necessary to restore competition.

      Respectfully Submitted,

      */s/ Neal J. Perlman*
      Neal J. Perlman
      Bureau of Competition
      Federal Trade Commission
      600 Pennsylvania Avenue, N.W.
      Washington, DC 20580
      (202) 326-2567

      April 20, 2023