UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> HOSPITAL CORPORATION OF AMERICA, *et al.*, </br></br> Defendants. | Civil Action No. 23-1103 (ABJ) |

## ORDER

Upon consideration of the matters discussed during the telephone conference in this case conducted on the record on April 20, 2023, and in light of the parties' stipulation [Dkt. # 9], it is hereby ORDERED that during the Court's consideration of the legal issue presented by the plaintiff's motions for a temporary restraining order [Dkt. # 2] and injunction [Dkt. # 6], and the anticipated motion to transfer this action:

1. Louisiana Children's Medical Center ("LCMC") shall not close or otherwise intentionally or negligently undermine the viability, competitiveness, and marketability of the Tulane Medical Center in New Orleans, LA, the Tulane Lakeside Hospital in Metairie, LA, or the Lakeview Regional Medical Center in Covington, LA (together, the "Tulane Hospitals");

2. LCMC shall maintain, all clinical service lines available at the Tulane Hospitals as of the date of this Order; provided, however, that LCMC may shift clinical services among LCMC facilities and the Tulane Hospitals if such changes are necessary to provide safe patient care or to address regulatory requirements such as minimum staffing levels; provided, further however, any changes by LCMC must be reversible and can be restored;

3. LCMC shall not sell or transfer or take any action to encumber or otherwise impair the assets used by the Tulane Hospitals and shall prevent the destruction, wasting, or deterioration of the Tulane Hospitals, except in the ordinary course of business, and not take any action that might create a material change in the operations of the Tulane Hospitals except as provided in Paragraph 2 above, provided, however, any assets moved from any hospital pursuant to Paragraph 2, shall be retained and any location from which those assets were moved shall not be irreversibly changed or modified;

4. LCMC shall use best efforts to keep the Tulane Hospitals staffed with sufficient employees to maintain the viability and competitiveness of the Tulane Hospitals. LCMC shall not terminate, or cause the termination of, any contract between the Tulane Hospitals and any employee except for good cause as allowed by contract; and

5. LCMC shall not renegotiate, terminate, or cause or allow termination of any contract between any health insurance carrier and the Tulane Hospitals; provided, however, that in the event that a contract with one or more of the Tulane Hospitals expires or a new contract is required during the term of this Order, LCMC shall extend existing contracts but may enter into new contracts if necessary to maintain patient access to the Tulane Hospitals or other LCMC facilities.

Nothing in this Order shall be construed to limit the type or scope of relief the Commission may seek in an effort to enjoin LCMC from exercising direction or control over the Tulane Hospitals during any pendency of any challenge to the acquisition brought by the Commission. Nothing in this Order shall be construed as a waiver by LCMC of any defense or challenge to any action by the Commission related to the acquisition of the Tulane Hospitals.

Unless otherwise ordered by this Court, this Order shall expire and cease to bind any party upon the earlier of (1) an order granting the forthcoming motion to transfer this action to the United States District Court for the Eastern District of Louisiana; or (2) an order on plaintiff's request for a preliminary injunction [Dkt. #6].

Given the entry of this agreed order, plaintiff's motion for a temporary restraining order [Dkt. #2] covering the period from the date the proposed order was granted "until the Court dismisses this Petition, or the Court enters the Preliminary Injunction Order to Hold Separate and Maintain Assets," is hereby DENIED as moot.

SO ORDERED.

AMY BERMAN JACKSON
United States District Judge

DATE:   April 21, 2023